| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | **JS-6** |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 13-3956-JFW (MRWx)** | Date: June 13, 2013 |

Title: David Atkins -v- The Prudential Insurance Company of America, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO VENTURA COUNTY SUPERIOR COURT

On March 6, 2013, Plaintiff David Atkins ("Plaintiff") filed a Complaint against Defendants The Prudential Insurance Company of America ("PICA"), Prudential Financial Inc. ("PFI"), Pruco Life Insurance Company ("Pruco"), William Murname, Charles Laugen, Brian Scanman, and Craig Biggs (collectively, "Defendants") in Ventura County Superior Court. On June 3, 2013, Defendants PICA, PFI, and Pruco (the "Removing Defendants") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

### I.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, the Removing Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### II.   DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of

different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Because the Removing Defendants have not met their burden of demonstrating that the parties are completely diverse, this action shall be remanded.

Based on the allegations of Plaintiff's Complaint and the Notice of Removal, it appears that Plaintiff and Defendants William Murname, Charles Laugen, Brian Scanman, and Craig Biggs (collectively, the "Individual Defendants") are likely citizens of California, and thus are not completely diverse.  Nevertheless, the Removing Defendants contend that the Individual Defendants' citizenship should be disregarded because (1) the Individual Defendants have not yet been served with Plaintiff's Complaint; and (2) the Individual Defendants have been fraudulently joined.

However, contrary to the Removing Defendant's argument, "the case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal."  *Jennings-Frye v. NYK Logistics Americas Inc.*, 2011 WL 642653, at *3 (C.D. Cal. Feb. 11, 2011).

In addition, the Court concludes that the Removing Defendants have failed to demonstrate that the Individual Defendants have been fraudulently joined.  "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant.  *See id.* at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so."  *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

In his Complaint, Plaintiff alleges the following claims for relief: (1) malicious prosecution; (2) abuse of process; (3) fraud and intentional deceit; (4) constructive fraud; (5) breach of contract; (6) breach of implied duty of good faith and fair dealing; (7) intentional interference with prospective

economic advantage; and (8) unfair business practices. The Removing Defendants contend that it is clear under California law that the Individual Defendants cannot be personally liable for any of these claims under the doctrine of managerial privilege. However, California law on the doctrine of managerial privilege is not as clear as the Removing Defendants claim. *See, e.g., Hernandez v. Ignite Restaurant Group, Inc.*, 2013 WL 129286, at *3-5 (E.D. Cal. Jan. 9, 2013); *Huynh v. Vu*, 111 Cal. App. 4th 1183, 1194-1200 (2003). Indeed, the California Court of Appeal recognized in *Huynh v. Vu* that "[t]he scope of the manager's privilege, as developed under California's common law . . . is neither clear nor consistent." *Vu*, 111 Cal. App. 4th at 1195. "The doctrine of the manager's privilege was developed by California courts in the context of claims alleging intentional interference with contractual relationship against a supervisor who made a decision to fire a plaintiff." *Hernandez*, 111 Cal. App. 4th at *4. "However, it is not clear whether the manager's privilege applies outside the scope of claims for intentional interference with contract" and "there are numerous cases from both California state courts and district courts refusing to apply the manager's privilege outside the scope of claims for intentional interference with contractual relationship." *Id.* (citing cases). Moreover, "it is far from clear under California law whether the managerial privilege is an affirmative defense or part of the plaintiff's cause of action. It is also uncertain whether the privilege, if any, is absolute or conditional. What is clear from a review of cases . . . is that the question of the privilege as well as the claim itself is bound up in the conduct of the defendant and is thoroughly fact intensive." *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1180 (N.D. Cal. 2003) (internal citations omitted).

Accordingly, the Court concludes that the Removing Defendants have not met their heavy burden of demonstrating, under the settled laws of California, that the Individual Defendants were fraudulently joined. Thus, the Court may not disregard the Individual Defendants' citizenship, and this Court lacks subject matter jurisdiction over this action.

### III.  CONCLUSION

For the foregoing reasons, this action is **REMANDED** to Ventura County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  sr